**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**LAGATHER DILLON**                                                                    **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO.:** 1:23cv134 LG-BWR

**PICAYUNE SCHOOL DISTRICT**                                          **DEFENDANT**

<u>**COMPLAINT**</u>
**(Jury Trial Demanded)**

**COMES NOW**, the plaintiff, LaGather Dillon, and files this, her Complaint against the

defendant, Picayune School District, and state as follows:

**JURISDICTION AND VENUE**

**1.**

This claim is authorized and instituted pursuant to Title VII of the Civil Rights Act of

1964, as amended; the Civil Rights Acts of 1866 and 1991, 28 U.S.C.§§1331, 1337, 1343, and

1367; 29 U.S.C. §216(b); 42 U.S.C. §1981, §1983; and §1988; 42 U.S.C. §§2000 et seq.; the

Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

**2.**

Plaintiff also brings this action under the laws and constitution of the State of Mississippi

seeking compensation for Defendant's illegal and wrongful termination of her employment.  This

Court has pendent jurisdiction of Plaintiff's state law claims which derive from the same

essential set of facts as Plaintiff's federal claims.

**3.**

Venue is proper pursuant to 28 U.S.C. §1391(b).  A substantial part of the events or

omissions giving rise to these claims or acts complained of by Plaintiff occurred in whole, or in

part, and all of the parties may be found or are located in Picayune, Pearl River County, Mississippi.

## PARTIES

**4.**

Plaintiff Lagather Dillon is a bonafide adult resident citizen of the City of Picayune, Pearl River County, Mississippi which is located in the Southern Judicial District of Mississippi, Southern Division.

**5.**

Defendant Picayune School District is a governmental entity and/or political subdivision of the State of Mississippi, created, organized and existing under the laws of the State of Mississippi.  The Picayune School District is headquartered in Picayune, Pearl River County, Mississippi, and may be served with process of this Court by delivering a copy of the summons and complaint to its superintendent: Dean Shaw at the Picayune School District, 706 Goodyear Boulevard, Picayune, Mississippi 39466.

**6.**

At all relevant times, an employee and employer relationship existed between Plaintiff and Defendant under all applicable state and federal statutory and common laws.

## FACTS

**7.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**8.**

At all times relevant to this action, Defendant Lagather Dillon was employed Plaintiff Picayune School District as a nurse, having commenced working there on or about May, 2019, and terminating March 15, 2022.

**9.**

On or about March 3, 2022, Plaintiff's supervisor, Lynde Luckie, the Director of Nursing for the Picayune School District, accosted Plaintiff in her office and demanded that the plaintiff resign, specifically stating that the plaintiff had to submit a resignation letter immediately. Luckie alleged that the plaintiff had engaged in misconduct in that she had "committed fraud" by signing Luckie's name on a nursing health referral form, and that she would be fired if she did not resign. Having read the Picayune School District Employee Manual which stated that "Terminated employees do not have the right to file a grievance," and feeling that she had no choice but to resign in order to preserve her right to file a grievance, the plaintiff immediately submitted a letter of resignation to the district.  Thereafter, on March 7, 2022, she filed a written grievance with the district in which she expressed that she had been unlawfully forced to resign by her supervisor, Linde Luckie, thus amounting to an involuntary termination.

**10.**

A letter dated March 8, 2022, and signed by the superintendent, Dean Shaw, was given to the plaintiff, stating that the Picayune School Board of Trustee had approved the plaintiff's resignation, effective March 15, 2022.  The letter did not address Plaintiff's grievance that had been filed the day before.

**11.**

On March 15, 2022, due to the fact that she had not received a response to her letter of grievance, Plaintiff submitted a "Letter Regarding Grievance" to Superintendent Dean Shaw.  On

that same day, Plaintiff went to the Office of the Superintendent where she was verbally informed by Brandon Johnson, Title IX Coordinator for the Picayune School District, that no response to her grievance would be forthcoming and her employment was over.

**12.**

That the reason given for her termination was not valid, in that Plaintiff Lagather Dillon was instructed, along with all of the other nurses, that they were to initial the health referral form because, due to Covid-19, Supervisor Luckie was not going to check the forms.  Additionally, Plaintiff Dillon discovered that there were white nurses who had initialed the forms just as she had, and the other nurses were not required to resign, nor did they have any adverse action taken against them.

**13.**

That Plaintiff Lagather Dillon filed a complaint with the Equal Employment Opportunity Commission alleging discrimination under Title VII of the Civil Rights Act of 1964, as amended. Thereafter, she received a right to sue letter that was dated February 15, 2023.

**14.**

That the Picayune School District has a pattern and practice of terminating black employees for no apparent reason other than the fact that the employee is black.  The Picayune School District does no terminate white employees except for cause.

**EQUAL PROTECTION**

**A. Race Discrimination**

**15.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**16.**

Defendant hired, retained and treated similarly situated white employees more favorably than the plaintiff, Lagather Dillon.  This mistreatment had the effect of unreasonably depriving the plaintiff of her right to be treated in the same manner as similarly situated white employees of the Picayune School District.

**17.**

Upon information and belief, Defendant Picayune School District knew or should have known that it was and/or had treated similarly situated white employees more favorably than the plaintiff.

**B. Retaliation**

**18.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**19.**

Defendant Picayune School District completed the termination of the plaintiff, Lagather Dillon, which had been begun by Linde Luckie, once the school district realized that the plaintiff was pursuing a grievance against the district.  Additionally, the school district denied the plaintiff's application for unemployment benefits, and soiled her reputation as a nurse in the community. This mistreatment had the effect of unreasonably depriving Plaintiff Lagather Dillon of her right to be treated in the same manner as similarly situated employees of the Picayune School District.

**20.**

Said treatment, as described above, had the effect of depriving the plaintiff, Lagather Dillon, of her right to equal protection of the laws as applied to the states by the 14th Amendment to the United States Constitution.

**DUE PROCESS**

**21.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**22.**

That the defendant, Picayune School District, did not adhere to their own policies and procedures in that the defendant incorrectly applied inapplicable provisions of its handbook in terminating the plaintiff; and that the plaintiff, Lagather Dillon, was not provided a due process hearing prior to her termination.  Additionally, the plaintiff did not violate any school district policies and procedures.

**23.**

That the defendant, Picayune School District, terminated the plaintiff, LaGather Dillon, without providing her with a hearing as required under Mississippi state law.  Said termination not only violated state law, but served to deny the plaintiff her right to due process as guaranteed to her by the 5th Amendment to the United States Constitution.

**24.**

That the plaintiff, Lagather Dillon, was never properly served with notice of any hearing in violation of the Mississippi Code of 1972, as amended.

**25.**

That the defendant's failure to provided the plaintiff with a hearing violated the plaintiff's right to due process guaranteed her under the U.S. Constitution.

**DEFAMATION**

**A. Libel and Slander**

**26.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**27.**

Defendant Picayune School District made false statements regarding the plaintiff to prospective employers of the plaintiff which caused serious injury to the plaintiff's reputation.

**28.**

Defendant Picayune School District communicated said false statements to unprivileged third parties.

**29.**

Defendant Picayune School District acted negligently, grossly negligent, and with malice in communicating said false statements regarding the plaintiff to unprivileged third parties.

**B. Invasion of Privacy**

**30.**

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

**31.**

Defendant Picayune School District revealed private information or facts regarding the plaintiff to prospective employers of the plaintiff which caused serious injury to the plaintiff's reputation.

**32.**

Defendant Picayune School District communicated said private information or facts to unprivileged third parties.

**33.**

Defendant Picayune School District acted negligently, grossly negligent, and with malice in communicating said private information or facts regarding the plaintiff to unprivileged third parties.

### 34.

As a result of the defendant, Picayune School District, making false statements and revealing private information or facts regarding the plaintiff to unprivileged third parties, the plaintiff has experienced special harm.

## EMOTIONAL DISTRESS

### 35.

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

### 36.

The defendant's conduct constitutes both a negligent and intentional infliction of emotional distress on the plaintiff for which the plaintiff is entitled to recover damages.

## DAMAGES

### 37.

Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

### 38.

As a proximate consequence of the actions of Defendant Picayune School District, Plaintiff has suffered injuries for which the defendant is liable.

### 39.

The actions of the defendant was the direct, proximate or contributing cause of the said injuries to the plaintiff.

### 40.

As a direct and proximate result of the defendant's negligence, gross negligence, reckless, willful and wanton acts, the plaintiff was seriously injured.

**41.**

The negligent, grossly negligent, reckless, willful and wanton acts of the defendant was the direct, proximate or contributing cause of the said injuries to the plaintiff.

**42.**

As a result of the defendant's negligence, gross negligence, reckless, willful and wanton conduct, the plaintiff is entitled to recover compensatory damages for any past, present and future mental pain and suffering they experienced as a result of injuries sustained from the aforesaid discrimination.  The plaintiff is also entitled to recover for any past, present or future bills or any incidental or consequential damages or inconveniences they experienced on account of said actions.

**43.**

The actions of the defendant not only directly and proximately caused or contributed to the injuries to the plaintiff, but said acts were of such a gross, reckless, willful and wanton nature as to evince a willful and wanton disregard of and indifference to the rights of the plaintiff, thereby subjecting the defendant to the payment of punitive as well as compensatory damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the defendant for actual damages in the amount of $500,000.00 and for punitive damages in the amount of $1,500,000.00 together with all costs incurred herein.

**PLAINTIFF FURTHER DEMANDS TRIAL BY JURY.**

This the 31st day of May 2023.

Respectfully submitted,

**LAGATHER DILLON**, Plaintiff

By:    */s/ Lydia R. Blackmon*
       **LYDIA ROBERTA BLACKMON**
       MSB# 8650
       Attorney and Counselor at Law
       P. O. Box 2146
       Natchez, MS 39121
       (601) 442-4800/(662) 834-0068 - Telephone
       (855) 604-7220 - Facsimile
       Attorney for Plaintiff